IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FAISEL SALEH, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL NO. 3:17-CV-331-B-BK |
| | § | |
| H2O WIRELESS, | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this *pro se* case was referred to the United States magistrate judge for pretrial management. Doc. 6. Upon review of the relevant pleadings and law, and for the reasons that follow, this case should be summarily **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

**I. BACKGROUND**

On February 3, 2017, Plaintiff initiated a lawsuit against Defendant H2O Wireless by filing a *Plaintiff's Original Complaint for Discrimination, Breach of Contract, and Fraud* against H2O Wireless. Doc. 3 at 1. He paid the applicable filing fee and the Clerk of the Court subsequently issued summons. Doc. 5.

Plaintiff asserts Defendant overcharged him for text messages on five occasions in 2015, thereby discriminating against him on the basis of his race, religion, and national original, in violation of 42 U.S.C. § 2000a. Doc. 3 at 2, 4. In support, Plaintiff states that his "name indicates that he is a Muslim and possibly an Arab." Doc. 3 at 4. Relying on the prepaid cell contract, Plaintiff also asserts claims for breach of contract and fraud, and he seeks $40,000,000 in damages. Doc. 3 at 5.

## II. ANALYSIS

Federal courts are courts of limited jurisdiction and may only hear cases authorized by the Constitution, federal statute, or treaty. *See Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). Accordingly, a federal court has an independent duty, at any time throughout the proceedings, to determine whether it properly has subject-matter jurisdiction over a case pending before it. *Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005). It is an issue of the utmost importance, and should be addressed, *sua sponte* if necessary, at the inception of any federal action. *See System Pipe & Supply, Inc. v. M/V Viktor Kurnatovsky*, 242 F.3d 322, 324 (5th Cir. 2001); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Unless otherwise provided by statute, federal court jurisdiction requires (1) a federal question arising under the Constitution, a federal law, or a treaty, *see* 28 U.S.C. § 1331, or (2) complete diversity of citizenship between adverse parties and the matter in controversy exceeds $75,000, *see* 28 U.S.C. § 1332. "Under the well-pleaded complaint rule, 'a federal court has original or removal jurisdiction only if a federal question appears on the face of the plaintiff's well-pleaded complaint; generally, there is no federal jurisdiction if the plaintiff properly pleads only a state law cause of action.'" *Gutierrez v. Flores*, 543 F.3d 248, 251-52 (5th Cir. 2008).

The Court must always liberally construe pleadings filed by *pro se* litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*pro se* pleadings are "to be liberally construed," and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."); *Cf.* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so

as to do justice"). Even under this most liberal construction, however, Plaintiff has not alleged facts that could be construed to state federal question or diversity jurisdiction.

"A federal question exists only [in] those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Singh v. Duane Morris LLP*, 538 F.3d 334, 337-38 (5th Cir. 2008) (citation and internal quotation marks omitted). Here, Plaintiff mistakenly relies on 42 U.S.C. § 2000a to invoke the Court's federal question jurisdiction. That section prohibits discrimination by any place of public accommodation or entertainment on the ground of race, color, religion, or natural origin. 42 U.S.C. § 2000a(a). The alleged text overcharges at issue in this case are plainly unrelated to a claim of discrimination in a place of public accommodation or entertainment. 42 U.S.C. § 2000a(b) (places of exhibition or entertainment are also covered establishments). Moreover, Plaintiff's suggestion that Defendant "is under the entertainment industry" because it provides "internet service in the form of cellular data" is patently frivolous. Doc. 1 at 2.

Additionally, even if the parties are citizens of different states, as noted in the *Complaint*, Plaintiff cannot rely on diversity of jurisdiction. Doc. 3 at 2. He alleges at most $5.00 in overcharges due to text messages, Doc. 3 at 2-3, and has no good faith basis for the $40,000,000 in damages he seeks. *See Diefenthal v. C.A.B.*, 681 F.2d 1039, 1052 (5th Cir. 1982 ("a court would be remiss in its obligations if it accepted every claim of damages at face value, no matter how trivial the underlying injury"). Thus, Plaintiff has failed to establish that the threshold amount in controversy is met in this case. *See* 28 U.S.C. § 1332 (requiring that the matter in controversy

exceed $75,000). Accordingly, this action should be dismissed *sua sponte* without prejudice for lack of subject matter jurisdiction.[1]

### III. LEAVE TO AMEND

Ordinarily, a *pro se p*laintiff should be granted leave to amend his complaint prior to *sua sponte* dismissal with prejudice. *See Brewster v. Dretke,* 587 F.3d 764, 767-768 (5th Cir. 2009) (*per curiam)* (while generally, "a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed," leave to amend is not required where plaintiff "has already pleaded his 'best case.'"). Here, the facts as alleged by Plaintiff clearly establish a lack of diversity and federal question jurisdiction. Thus, granting leave to amend would be futile and cause needless delay.

### IV. SANCTION WARNING

On January 17, 2017, Plaintiff filed a lawsuit in this Court against Defendant identical to this one, in which Plaintiff sought to proceed *in forma pauperis*. *See Saleh v. H20 Wireless,* No. 3:17-CV-153-B-BK, Civ. Doc. 1 at 1. On January 31, 2017, the undersigned recommended that the complaint in that case be dismissed for lack of subject matter jurisdiction. Civ. Doc. 9. However, on February 2, 2017, before any action could be taken on the recommendation, Plaintiff filed a voluntary notice of dismissal, and the case was closed. Civ. Doc. 10. That this new action was filed only a day after the previous one was dismissed suggests an attempt by Plaintiff to circumvent the Court's finding on no jurisdiction and possibly judge shop. Notably,

---

[1] Since the complaint does not present a sufficient basis for federal question or diversity jurisdiction, the Court cannot exercise supplemental jurisdiction over Plaintiff's state claims if any. *See* 28 U.S.C. § 1367(a) ("in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.").

even though the complaints are identical, Plaintiff filed this action without giving notice of related case, as required by Local Rule 3.3.  Doc. 3.

Plaintiff is no stranger to this Court, having filed three other civil actions during the last four months.  *See Saleh v. Time Warner Cable*, 3:16-CV-2782-G-BN; *Saleh v. Dorvin D Leis Company of Texas LLC,* 3:16-CV-3427-B-BF; *Saleh v. H20 Wireless,* 3:17-CV-153-B-BK ; *Saleh v. Time Warner Cable Enterprises LLC,* 3:17-CV-170-B-BH.  Even more significant, on January 31, 2017, the Magistrate Judge Irma Ramirez recommended that No. 3:17-CV-170-B-BH be dismissed as duplicate of a prior pending action, No. 3:16-CV-2782-G-BN.

Given his filing history, the frivolous nature of the claims asserted in this case, and the filing of a prior, duplicate action, Plaintiff should be warned that if he persists in filing frivolous, baseless, or duplicate cases, or actions over which the Court lacks subject matter jurisdiction, the Court may impose monetary sanctions and/or bar him from bringing any further action.  *See* FED. R. CIV. P. 11(b)(2) and (c)(1) (providing for sanctions against *pro se* litigants or attorneys). Sanctions may be appropriate when a *pro se* litigant has a history of submitting multiple frivolous claims.  *Mendoza v. Lynaugh,* 989 F.2d 191, 195-97 (5th Cir. 1993); *see also Whitehead v. Food Max of Miss., Inc.*, 332 F.3d 796, 802-03 (5th Cir. 2003) (a violation of any provision of Rule 11(b) justifies sanctions).  *Pro se* litigants have "no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets."  *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir.1986).  Moreover, litigants who abuse the judicial process are "not entitled to sue and appeal without paying the normal filing fees -- indeed, are not entitled to sue and appeal, period." *Free v. United States,* 879 F.2d 1535, 1536 (7th Cir. 1989).

## V. RECOMMENDATION

For the foregoing reasons, it is recommended that Plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE** for want of jurisdiction. *See* FED. R. CIV. P. 12(h)(3). Plaintiff should also be **WARNED** that if he persists in filing frivolous, baseless or duplicative actions, or actions over which the Court lacks subject matter jurisdiction, the Court may impose monetary sanctions and/or bar him from bringing any further action.

**SIGNED** February 14, 2017.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE